Vergara v Mission Capital Advisors, LLC (2021 NY Slip Op 06825)





Vergara v Mission Capital Advisors, LLC


2021 NY Slip Op 06825


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 656441/19 Appeal No. 14775 Case No. 2020-02502 

[*1]Luis Vergara, Plaintiff-Appellant,
v
Mission Capital Advisors, LLC, et al., Defendants-Respondents.


Stadtmauer & Associates, New York (Marc A. Stadtmauer of counsel), for appellant.
Hoguet Newman Regal & Kenney LLP, New York (Damian R. Cavaleri of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 25, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the causes of action for breach of contract and violation of Labor Law § 191, and otherwise affirmed, without costs.
Defendants' documentary evidence does not conclusively establish a defense to the claims of breach of contract and violation of Labor Law § 191 (CPLR 3211[a][1]; see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). Plaintiff's prior email and spreadsheet do not unambiguously show that he is not owed any commissions, nor do they show that his current calculations, which result in a higher commission than his prior spreadsheet might have indicated, are inaccurate.
The complaint fails to state a claim for violation of Labor Law § 193, as it only alleges a wholesale withholding of payment, and not a specific deduction from wages (see Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]). The Labor Law claim alleging a failure to pay overtime wages was correctly dismissed, as plaintiff was an exempt employee (see Labor Law § 651[5][b]; see also 12 NYCRR 142-2.2; 29 USC § 213[a][1]; 29 CFR 541.601). The complaint fails to state a cause of action for retaliation under Labor Law § 215, as the purported retaliatory act occurred when plaintiff was no longer an employee of defendants (see Rahman v Red Chili Indian Cafe, Inc., 2021 WL 2003111, *3, 2021 US Dist LEXIS 95140, *8-9 [SD NY 2021]; Higueros v New York State Catholic Health Plan, Inc., 630 F Supp 2d 265, 269 [ED NY 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021